# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

---

Case No. 6D2023-3417
Lower Tribunal No. 06-477F

---

CHRISTOPHER DAVID SMITH,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

---

Appeal from the Circuit Court for Charlotte County.
Shannon H. McFee, Judge.

July 31, 2026

NARDELLA, J.

Christopher David Smith ("Appellant") appeals an order revoking his sex offender probation and sentencing him to 20 years in prison.[1]  For the first time in this case, the Appellant argues that the trial court fundamentally erred by considering

---

[1] We have jurisdiction.  Fla. R. App. P. 9.140(b)(1)(D), (E); *Maxwell v. State*, 383 So. 3d 892, 900 (Fla. 1st DCA 2024) ("An appeal of the revocation and resulting sentence would have been pursuant to Florida Rule of Appellate Procedure 9.140(b)(1)(D) and (E)[.]").

an unadmitted and unproven violation when revoking his probation and sentencing him to prison. We agree.

While on probation, the State claimed the Appellant violated his probation by: 1) having unsupervised contact with a minor; and 2) using intoxicants to excess. At what was scheduled as a VOP hearing, the Appellant decided to admit to having unsupervised contact with a minor, the State expressly declined to move forward on the second alleged violation for purposes of the Appellant admitting to the first alleged violation, and the parties agreed to set a sentencing hearing at a later date. The trial court accepted the Appellant's admission to having unsupervised contact with a minor, stated that it would not consider the other alleged violation at sentencing, and scheduled a sentencing hearing.

Several months later, during the sentencing hearing, the trial court proceeded under the mistaken belief that it accepted the Appellant's admission to both violations—a belief to which the Appellant's counsel never objected. Based on its mistaken belief, the trial court entered an order revoking the Appellant's probation and sentencing him to 20 years in prison.

"While [the Appellant] did not preserve this error below, '[r]evoking probation based partly on a purported violation that was not proved or admitted constitutes fundamental error.'" *Conseillant v. State*, 427 So. 3d 675, 675 n.1 (Fla. 6th DCA 2026) (quoting *Kimmons v. State*, 267 So. 3d 1082, 1084 (Fla. 1st DCA

2

2019)); *accord Casas v. State*, 27 So. 3d 203, 205 (Fla. 2d DCA 2010); *Smith v. State*, 41 So. 3d 977, 978 (Fla. 5th DCA 2010); *Odom v. State*, 15 So. 3d 672, 678 (Fla. 1st DCA 2009).

It is also fundamental error to revoke probation based on an alleged violation that the State chooses not to pursue. *See Davis v. State*, 210 So. 3d 101, 103–04 (Fla. 2d DCA 2016) (holding that the trial court fundamentally erred by proceeding on an alleged violation of community control withdrawn by the State); *cf. Pease v. State*, 163 So. 3d 743, 743 (Fla. 1st DCA 2015) ("It is fundamental error and a deprivation of [a defendant's] due process rights to base a revocation of probation on an uncharged violation of a condition of that probation.").

During the sentencing hearing, the trial court mistakenly considered an unadmitted and unproven violation—that the State expressly declined to pursue and the trial court told the Appellant it would not consider—then revoked the Appellant's probation and sentenced him to prison. Doing so was fundamentally erroneous. *See Conseillant*, 427 So. 3d at 675 n.1; *Davis*, 210 So. 3d at 103–04; § 948.06(2), (8)(e), Fla. Stat. (2023) (prohibiting the revocation of probation unless the violation is admitted or proven and prohibiting a prison sentence unless probation is revoked).

The State contends this error was harmless because the court could have revoked the Appellant's probation and imposed the same sentence based solely on the admitted violation. This possibility, however, is not the proper measure of

3

harmless error in this circumstance. Where a trial court erroneously considers an unadmitted, unproven, and unpursued violation, after telling a defendant that it would not do so, then revokes probation, the State must clearly show the trial court's erroneous consideration played no part in the revocation of probation and sentencing. *See Bean v. State*, 388 So. 3d 300, 305 (Fla. 6th DCA 2024) ("[W]hen it is unclear from the appellate record whether the trial court would have revoked probation and imposed the same new sentence had it considered only valid violations, the appellate court must remand for the trial court to reconsider whether probation should be revoked and, if so, whether the same sentence should be imposed."); *Casas*, 27 So. 3d at 205–06 (reversing revocation and sentence and remanding because it was not clear whether the trial court would have revoked probation based solely on the violation that was admitted); *Davis*, 210 So. 3d at 104 (reversing revocation and sentence and remanding because it was not clear whether the trial court would have revoked community control based solely on the violation that was admitted); *see also Malone v. State*, 146 So. 3d 155, 158 (Fla. 1st DCA 2014) ("When some grounds of probation violation are upheld and others are invalidated, the proper course of action is to reverse the order revoking probation and remand for reconsideration, unless the record clearly demonstrates that the trial court would have revoked probation based only on the upheld revocation grounds."). Here, while the trial court properly considered the Appellant's unsupervised contact

4

with a minor, it never clearly indicated that it would have revoked the Appellant's probation and sentenced him to 20 years in prison based solely on that violation. Consequently, we do not find the error to be harmless.

For these reasons, we reverse the trial court's order of revocation and the sentence imposed. We remand the case for the trial court to conduct a new hearing to determine, based only on the Appellant's violation for having unsupervised contact with a minor, whether the Appellant's probation should be revoked and what sentence should be imposed.[2]

REVERSED and REMANDED with instructions.

TRAVER, C.J., and WHITE, J., concur.

Blair Allen, Public Defender, and Matthew J. Salvia, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Tayna Alexander, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[2] Nothing in this opinion precludes the trial court from making its determinations based on anything that it is permitted or required to consider under applicable law, including section 948.06, Florida Statutes, and Florida Rule of Criminal Procedure 3.790, except the alleged violation of probation for using intoxicants to excess.